IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LS CLOUD STORAGE TECHNOLOGIES, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **GOOGLE LLC,** <br><br> Defendant. | C.A. No. 6:22-cv-00318-ADA <br><br> JURY TRIAL DEMANDED |

## GOOGLE'S ANSWER TO COMPLAINT

Defendant Google LLC ("Google") states the following as its Answer to the Complaint of Plaintiff LS Cloud Storage Technologies, LLC ("Plaintiff" or "LSC") in the above-entitled action in the correspondingly numbered paragraphs. Any factual allegation admitted below is limited to the specifically stated facts and not as to any assumptions, implications, inferences, conclusions, characterizations, or speculations that may be associated with any of the specifically admitted facts or allegations. Unless expressly admitted, each and every allegation, including any implication, inference, conclusion, characterization, or speculation, including in any headings or non-numbered paragraphs, is denied.

1. On information and belief, Google denies that LSC is located in Waco, Texas. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 1. Except as expressly admitted, Google denies each and every allegation of paragraph 1.

2. Google admits that Google LLC is a Delaware corporation and that it has offices in Austin, Texas including at 500 West 2nd Street, Suite 2900, Austin, Texas 78701. Google admits that Corporation Service Company, DBA CSC, 211 East 7th Street, Suite 620, Austin, Texas 78701 is the Texas Registered Agent for Google. Google denies that it has committed any acts of infringement in this or any other judicial district. Except as expressly admitted, Google denies each and every allegation of paragraph 2.

3. Google admits that district courts have subject matter jurisdiction over civil actions arising under any Act of Congress relating to patents, including 35 U.S.C. § 271, pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Google denies each and every allegation of paragraph 3.

4. Google is not contesting personal jurisdiction in this judicial district solely for purposes of this action. Google denies that it has committed any acts of infringement in this or any other judicial district. Except as expressly admitted, Google denies each and every allegation of paragraph 4.

5. Google is not contesting that venue is proper in this judicial district solely for purposes of this action. Google denies that this venue is convenient for the parties and witnesses or serves the interest of justice under 28 U.S.C. § 1404(a) and reserves the right to seek transfer to a more convenient forum. Google admits that it conducts business throughout the United States, including in the State of Texas. Google denies that it has committed any acts of infringement in this or any other judicial district. Except as expressly admitted, Google denies each and every allegation of paragraph 5.

6. Google admits that U.S. Patent No. 10,154,092, abbreviated as the '092 patent, bears the title "Data Sharing Using Distributed Cache in a Network of Heterogeneous

Computers," on its face indicates an issue date of December 11, 2018 and that the complaint purports to include a copy of the '092 patent as an attachment.  Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 6 and accordingly denies them.

7. Google lacks knowledge or information sufficient to form a belief as to the truth of any allegations in paragraph 7 and accordingly denies them.

8. Google denies each and every allegation of paragraph 8.

9. Google admits that the complaint includes a table attached as Exhibit A purporting to support Plaintiff's allegations of infringement.  Google denies that support for any allegations of infringement may be found in Exhibit A.  Google denies that Plaintiff may reserve the right to amend or seek discovery of unasserted claims for which it lacks grounds under Fed. R. Civ. P. 11.  Except as expressly admitted, Google denies each and every allegation of paragraph 9.

10. Google denies each and every allegation of paragraph 10.

### RESPONSE TO JURY DEMAND

Google admits that Plaintiff requests a trial by jury.  Google denies that Plaintiff has stated any claim on which relief may be granted to be presented to a jury.  Except as otherwise admitted, Google denies each and every allegation in Plaintiff's Jury Demand.

### RESPONSE TO PRAYER FOR RELIEF

Google denies that Plaintiff is entitled to any of the relief requested in paragraphs (a) through (d) or any other relief whatsoever.  Google denies that it has infringed any claim of the '092 patent.  Google denies that Plaintiff has adequately pleaded or can prove that it is entitled to any amount of compensatory damages, lost profits, pre-judgment or post-judgment interest, or

costs. Google denies that Plaintiff has any basis to seek an accounting or damages for any alleged acts of infringement not presented at trial.

## DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Google asserts the following defenses in response to the complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denoted below. All defenses are pled in the alternative and do not constitute any admission of liability. In addition to the defenses described below, and subject to the responses above, Google expressly reserves the right to raise additional affirmative and other defenses as they become known based on further investigation, as a result of discovery, or otherwise.

## FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

In addition to failing to meet the standard for pleading required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the complaint does not state any viable claim on which relief may be granted. Plaintiff has also failed to provide any basis for damages, accounting, or any other relief sought.

## SECOND DEFENSE
### (PATENT-INELIGIBLE SUBJECT MATTER)

The asserted claims of the '092 patent are invalid for failing to claim patent-eligible subject matter under 35 U.S.C. § 101. The claims of the '092 patent are directed to patent-ineligible abstract ideas, recite only generic or well-known technological components, and fail to provide any inventive concept.

4

## THIRD DEFENSE
### (NON-INFRINGEMENT)

Google has not infringed and does not infringe under any theory of direct infringement (literally or under the doctrine of equivalents) any valid and enforceable claim of the '092 patent. The complaint has not adequately alleged any factual basis to state a claim of infringement by Google, directly or indirectly, literally or under the doctrine of equivalents, and Plaintiff will be unable to meet its burden of proof to show that Google infringes any valid and enforceable claim of the '092 patent.

## FOURTH DEFENSE
### (INVALIDITY)

The asserted claims of the '092 patent are each invalid for failure to comply with one or more of the conditions and requirements of 35 U.S.C. §§ 102, 103, 112.

## FIFTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

On information and belief, due to admissions and statements made to the United States Patent and Trademark Office during the prosecution of the applications that resulted in the asserted patent or related patent applications, Plaintiff is estopped from construing a valid and enforceable claim, if any, of the '092 patent as infringed literally or under the doctrine of equivalents by the Google products accused in the complaint.

## SIXTH DEFENSE
### (LIMITATION OF DAMAGES)

Plaintiff's claims for relief are barred, in whole or in part, by operation of the applicable statutes which limit damages and other relief, including 35 U.S.C. §§ 284, 286, 287.  Even if Plaintiff were to prevail on a claim of infringement, Plaintiff is not entitled to any damages before notice of or after expiration of the asserted patent.

## SEVENTH DEFENSE
### (EQUITABLE DEFENSES)

On information and belief, Plaintiff's claims are estopped or barred, in whole or in part, by the doctrines of waiver, unclean hands, equitable estoppel, laches, acquiescence, and/or other equitable defenses.

## EIGHTH DEFENSE
### (EXHAUSTION)

On information and belief, Plaintiff exhausted the ability to claim infringement by Google of any valid and enforceable claim of the '092 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Google denies that LSC is entitled to any relief whatsoever on its complaint and respectfully requests that this Court enter judgment as follows:

a. Dismissing LSC's complaint against Google with prejudice;

b. Finding that Google has not infringed any valid and enforceable claim of the '092 patent either directly or indirectly, literally or under the doctrine of equivalents;

c. Finding that the '092 patent is invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112;

d. Declaring this case to be exceptional in favor of Google under 35 U.S.C. § 285 and awarding Google its costs, reasonable attorneys' fees, and other expenses incurred in defending this action;

e. Limiting or barring LSC's ability to enforce the '092 patent in equity;

f. Granting Google such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Google hereby demands a trial by jury on all issues so triable.

June 16, 2022  /s/ Brian C. Banner

Brian C. Banner (TX Bar No. 24059416) bbanner@sgbfirm.com
Slayden Grubert Beard PLLC
401 Congress Avenue, Suite 1650
Austin, TX 78701
(512) 402-3569

Jeannine Yoo Sano
Eric A. Krause
Pan C. Lee
Axinn, Veltrop & Harkrider LLP
560 Mission Street
San Francisco, CA 94105
(415) 490-1491

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I certify that on June 16, 2022, I served the foregoing document by notice of electronic filing on counsel of record registered as CM/ECF users.

/s/ Brian C. Banner
Brian C. Banner