IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LS CLOUD STORAGE TECHNOLOGIES, LLC, <br>     Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br>     Defendant. | Civil Action No. 1:22-cv-00853-RP <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff LS Cloud Storage Technologies, LLC ("LS Cloud") files this First Amended Complaint[1] and demand for jury trial seeking relief from patent infringement of the claims of US Patent Nos. 10,154,092 ("the '092 patent") and 6,549,988 ("the '988 patent") (collectively referred to as the "Patent-in-Suit") by Google LLC ("Defendant" or "Google").

**I.    THE PARTIES**

1. LS Cloud Storage Technologies, LLC is a Texas limited liability corporation with its principal place of business located in Waco, Texas.

2. On information and belief, Defendant Google LLC is a corporation existing under the laws of the Delaware with a regular and established places of business located at 9606 North MoPac

---

[1] Plaintiff LS Cloud has asked whether Google is opposed to this amendment but has not yet received a response. To the extent that Google may be opposed, LS Cloud respectfully seeks the Court's leave to amend for good case. The Original Complaint only asserted claims of the '092 patent against Google. The purpose of this amendment is to also add claims of the '988 patent in addition to the '092 patent to make the pleadings consistent with: (1) Plaintiff's Infringement Contentions served on Google on July 22, 2022 in this case; and (2) the complaints in the parallel LS Cloud cases against Amazon , Cisco, and Microsoft, each pending in front of this Court and each alleging the claims of both the '092 and the '988 patents. Additionally, as Google agrees, this case is in a very early stage, with no discovery having taken place, the Markman hearing set for November 9, 2023, and no trial date setting yet.

1

Expressway, Suite 700, Austin, Texas 78759; 500 West 2nd Street, Suite 2000, Austin, Texas 78701; 4100 Smith School Road, Austin, Texas 78744; as well as other locations in and around the Austin area.  On information and belief, Defendant sold and offered to sell products and services throughout Texas, including in this judicial district, and introduced products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent, Corporation Service Company, DBA CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, at its regular place of business, or anywhere thay it may be found.

## II.   JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or

deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III.  INFRINGEMENT

**A.  Infringement of the '092 Patent**

6. On December 11, 2018, U.S. Patent No. 10,154,092 ("the '092 patent", included as an attachment) entitled "Data Sharing Using Distributed Cache In A Network Of Heterogeneous Computers" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '092 patent by assignment.

7. The '092 patent relates to novel and improved methods, systems and apparatuses for computer network using cached data storage.

8. Defendant maintained, operated, and administered data storage products and services that infringed one or more of claims 1-24 of the '092 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '092 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.[2]

---

[2] Plaintiff reserves the right to amend to assert claims for indirect and willful infringement if discovery reveals an earlier date of Defendants' knowledge of the patents.

3

10. Defendant has caused Plaintiff damage by direct infringement of the claims of the '092 patent.

### B. Infringement of the '988 Patent

11. On April 15, 2003, U.S. Patent No. 6,549,988 ("the '988 patent", included as an attachment) entitled "Data Storage System Comprising A Network Of PCs And Method Using Same" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '988 patent by assignment.

12. The '988 patent relates to novel and improved systems and methods for computer network using cached data storage.

13. Defendant maintained, operated, and administered data storage products and services that infringed one or more of claims 1-6 of the '988 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '988 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

14. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.[3]

15. Defendant has caused Plaintiff damage by direct infringement of the claims of the '988 patent.

---

[3] Plaintiff reserves the right to amend to assert claims for indirect and willful infringement if discovery reveals an earlier date of Defendants' knowledge of the patents.

IV. **JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right.

V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '092 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. award Plaintiff such other and further relief as this Court deems just and proper.

DATED: December 2, 2022                 Respectfully submitted,

                                                      **Ramey LLP**

                                                      William P. Ramey, III
                                                      Texas State Bar No. 24027643
                                                      5020 Montrose Blvd., Suite 800
                                                      Houston, Texas 77006
                                                      (713) 426-3923 (telephone)
                                                      (832) 900-4941 (fax)
                                                      wramey@rameyfirm.com

                                                      ***Attorneys for LS Cloud Storage Technologies, LLC***