**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

LS CLOUD STORAGE
TECHNOLOGIES, LLC,

          Plaintiff,

v.

GOOGLE LLC,

          Defendant.

Case No. 1:22-cv-853-RP

Jury Trial Demanded

**GOOGLE'S MOTION TO STRIKE AMENDED COMPLAINT**
**FILED WITHOUT CONSENT OR LEAVE OF COURT AND**
**TO DISMISS IMPLAUSIBLE INFRINGEMENT CLAIM AGAINST**
<u>**SEPARATE PRODUCTS PURSUANT TO FED. R. CIV. P. 12**</u>

# TABLE OF CONTENTS

I.    **Statement of Facts**.................................................................................................. **1**

    **A.**    Plaintiff Did Not Obtain Consent or Leave To Amend To Add a Second
           Patent.................................................................................................................. 1

    **B.**    Plaintiff's Amended Complaint Still Fails To Address the Defects in Its
           Infringement Allegations as to the Originally Asserted Patent ............................ 3

II.   **The Amended Complaint, Filed in Violation of Local Rule CV-15 and Fed. R.
Civ. P. 15 for the Purpose of Opposing Google's Motion To Stay Pending
IPR, Should Be Stricken as Improper**........................................................................ **3**

III.  **The Amended Complaint Continues To Fail To State a Viable Claim for
Infringement of the '092 Patent**................................................................................. **5**

    **A.**    Overview of the '092 Patent ................................................................................ 6

    **B.**    The Amended Complaint Contains No Allegations To Support the
           Illogical Assumption That Two Different Tools for Mutually Exclusive
           Purposes Are Ever Used Together in a Single System ......................................... 7

IV.   **Conclusion** ................................................................................................................. **10**

# TABLE OF AUTHORITIES

*Cases*

*AK Meeting IP LLC v. Cisco Sys., Inc.*,
   2022 WL 17979765 (W.D. Tex. Dec. 28, 2022) .................................................... 9

*Ancora Techs., Inc. v. Lenovo Group Ltd.*,
   2020 WL 4530718 (D. Del. Aug. 6, 2020) ........................................................ 5

*Bot M8 LLC v. Sony Corp.*,
   4 F.4th 1342 (Fed. Cir. 2021) .................................................................... 6, 7

*Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*,
   No. 1:22-cv-346-RP, 2023 WL 28438 (W.D. Tex. Jan. 3, 2023) ........................... 10

*Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 6:18-cv-30-JDK, ECF No. 381 (E.D. Tex. Aug. 9, 2019) ............................... 5

*Decapolis Sys., LLC v. Epic Sys. Corp.*,
   2021 WL 5908403 (W.D. Tex. Dec. 14, 2021) ................................................... 5

*Fintiv, Inc. v. Paypal Holdings, Inc.*,
   No. 6:22-cv-00288-ADA, ECF No. 54 (W.D. Tex. Dec. 19, 2022) ......................... 8

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
   2022 WL 2019296 (W.D. Tex. June 6, 2022) ................................................... 7

*HourExchange, LLC v. Student Loan Benefits, Inc.*,
   No. 1:22-cv-356-RP, 2023 WL 139150 (W.D. Tex. Jan. 9, 2023) ......................... 8

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
   2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ................................................... 10

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
   2016 WL 3542430 (E.D. Tex. June 28, 2016) ................................................... 9

*U.S. v. HealthSouth Corp.*,
   332 F.3d 293 (5th Cir. 2003) ..................................................................... 5

*Vervain, LLC v. Micron Tech., Inc.*,
   2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ....................................................... 10

*Walker v. Beaumont Indep. School Dist.*,
   938 F.3d 724 (5th Cir. 2019) ..................................................................... 7

*Wimm v. Jack Eckerd Corp.*,
   3 F.3d 137 (5th Cir. 1993) ....................................................................... 4, 5

Six months after pleadings closed and five months after affirmatively representing that it was not planning to amend its complaint to add a second patent, Plaintiff LS Cloud Storage Technologies LLC ("Plaintiff" or "LSC") proceeded to do exactly that, *see* ECF No. 31, without consent from Defendant Google LLC or the requisite leave of Court, in contravention of Fed. R. Civ. P. 15 and Local Rule CV-15. Plaintiff's amended complaint, filed shortly before its response to Google's motion to stay pending IPR of U.S. Patent No. 10,154,092 ("'092 patent"), was interposed purely to contrive a basis to oppose a stay warranted under the relevant factors. *See* ECF No. 36, Reply Supp. Mot. Stay. Furthermore, Plaintiff's amended complaint still has not addressed the shortcomings of its infringement allegations with respect to the original patent-in-suit, the '092 patent, which mixes separate products for different claim limitations. Accordingly, Google moves to strike the amended complaint filed for an improper purpose under Fed. R. Civ. P. 12(f) and to dismiss the defective claim of infringement of the '092 patent for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I. STATEMENT OF FACTS

### A. Plaintiff Did Not Obtain Consent or Leave To Amend To Add a Second Patent

Plaintiff filed its original complaint on March 25, 2022, asserting only the '092 patent. *See* ECF No. 1. On the same day that Plaintiff filed its original complaint against Google, Plaintiff had also filed complaints against several other defendants, asserting the '988 patent in addition to the '092 patent. *See* Case Nos. 6:22-cv-316, 6:22-cv-319, 6:22-cv-321. Google filed its answer to the complaint on June 16, 2022, which stated that Plaintiff's claim chart attached as Exhibit A did not support a claim for infringement of the '092 patent. *See* ECF No. 11 ¶ 9.

On July 22, 2022, several weeks after missing the deadline to serve preliminary infringement contentions, *see* Adams Decl. Ex. B, Plaintiff served infringement contentions that

included a claim chart for the '988 patent not at issue in this case. *See id.* Ex. E. Since the '988

patent was not asserted against Google, *see* ECF No. 1, nor identified in the cover of Plaintiff's

infringement contentions, *see* Adams Decl. Ex. C at 1 (mislabeled "2"), Google inquired whether

the '988 patent claim chart had been included in error or whether Plaintiff was planning to move

for leave to amend its complaint. *See* Adams Decl. ¶ 5. In response, counsel for Plaintiff stated,

"Let me check. We likely would not move to amend if not originally present." *See id.* Ex. F.

On November 2, 2022, Google filed a petition for *Inter Partes* review of the '092 patent.

*See* ECF No. 29-2 (IPR2023-00120). The initial case management conference took place on

November 3, 2022, during which Google informed the Court that it was planning to seek to stay

the case pending resolution of its IPR. *See* ECF No. 35 at 8:4–10. As part of the scheduling

order entered in the case, the parties had agreed on a briefing schedule for Google's motion to

stay, which was to be completed by December 6, 2022. *See* ECF No. 27. After Google filed its

motion to stay pending IPR of all claims of the patent-in-suit, *see* ECF No. 29, Plaintiff

requested an extension of time to file its opposition and submitted an unopposed motion for a

revised briefing schedule. *See* ECF No. 30. At no point did Plaintiff inform Google or the Court

that it would seek to amend its complaint.

On December 2, 2022, counsel for Plaintiff sent an email asking whether Google would

oppose the amendment of the complaint "to make the pleadings consistent with the Infringement

Contentions."[1] *See* Adams Decl. Ex. H. Without waiting for a response or filing any motion for

---

[1] Not even counsel's last-minute email was clear as to the scope of Plaintiff's proposed
amendment. Plaintiff's infringement contentions asserted eighteen additional claims beyond
claim 13 of the '092 patent referenced in the original complaint. *Compare* Adams Decl., Ex. D,
*with* ECF No. 1-1. As such, amending to make the complaint "consistent with infringement
contentions" did not provide notice to Google that Plaintiff was planning to expand the case to

leave to amend, Plaintiff proceeded to file its amended complaint three hours later, adding the '988 patent.  *See* Adams Decl. ¶ 9; ECF No. 31.  Plaintiff then filed its opposition to Google's motion to stay, arguing that the pending IPR "does not cover all of the asserted claims of all the patents-in-suit …."  *See* ECF No. 32 at 1.

> **B.     Plaintiff's Amended Complaint Still Fails To Address the Defects in Its Infringement Allegations as to the Originally Asserted Patent**

As set forth in Google's answer, *see* ECF No. 11 ¶ 9, Plaintiff's claim chart attached as Exhibit A to the original complaint does not support a claim for infringement of the '092 patent. *See* ECF No. 1-1.  Since Plaintiff's infringement contentions, subsequently attached to the amended complaint, perpetuate the same deficiencies as the complaint of relying on two separate products to meet different limitations of the asserted claims, *see* Adams Decl. Ex. D, Google sent a letter to Plaintiff on November 21, 2022, requesting clarification as to the basis of Plaintiff's infringement allegations with respect to each accused product.[2]  *See id.* Ex. G.  Plaintiff's amended complaint, filed without consent or leave of Court, does not resolve this defect. *Compare* ECF No. 1-1, *with* ECF No. 31-1.

> **II.    THE AMENDED COMPLAINT, FILED IN VIOLATION OF LOCAL RULE CV-15 AND FED. R. CIV. P. 15 FOR THE PURPOSE OF OPPOSING GOOGLE'S MOTION TO STAY PENDING IPR, SHOULD BE STRICKEN AS IMPROPER**

Since it had asserted the '988 patent in addition to the '092 patent in related cases filed at

---

add a second patent, especially since Plaintiff's counsel had specifically indicated to the contrary five months earlier in response to questions regarding the infringement contentions.  *See* Adams Decl. ¶ 5, Ex. F.  Since Plaintiff proceeded to file its amended complaint without waiting for a response from Google or obtaining leave from the Court, Google had no opportunity to inquire as to the nature or basis of Plaintiff's proposed amendment.

[2] Google also requested confirmation that the '988 patent claim chart, erroneously included in Plaintiff's July 22, 2022 infringement contentions, would be withdrawn.  *See* Adams Decl. ¶ 6, Ex. G at n.1.

the same time against other defendants, Plaintiff was undoubtedly aware of a potential claim with respect to that patent and decided not to assert it against Google, whether due to lack of Rule 11 basis or for some other reason. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993) ("a party's awareness of facts and failure to include them in the complaint might give rise to the inference that the party was engaging in tactical maneuvers to force the court to consider various theories seriatim. In such a case,… denial of leave to amend on the grounds of faith may be appropriate"). After belatedly serving preliminary infringement contentions containing an errant claim chart for the '988 patent asserted only against the other defendants, counsel for Plaintiff advised that it would not amend the complaint if the '988 patent was not originally present in this case. *See* Adams Decl. ¶ 5, Ex. F.

From March of 2022 until Plaintiff's unauthorized filing of its amended complaint in December of 2022, during which the Court set a case schedule for a one-patent case with nineteen asserted claims, *see* ECF No. 27, Google had no reason to expect that Plaintiff would amend its complaint to assert a second patent contrary to counsel's previous representation. *See* Adams Decl. Ex. F. Only after Google had filed a petition for IPR of the sole asserted patent and Plaintiff's opposition to Google's motion to stay the case was looming did Plaintiff proceed to amend its complaint and oppose Google's motion to stay based on its unauthorized amendment. *See* ECF No. 32 at 1–2 ("Google's IPR petition is only directed to the claims of the '092 patent, but not to the '988 patent-in-suit."). Even when Plaintiff requested an extension of the briefing schedule on Google's motion to stay pending IPR of the sole patent-in-suit, Plaintiff gave no indication that it planned to add the '988 patent to the case. *See* ECF No. 30.

Plaintiff did not even bother to follow the requirements of the applicable Federal and Local Rules before amending its complaint to add the '988 patent. *See Decapolis Sys., LLC v.*

*Epic Sys. Corp.*, 2021 WL 5908403, at \*2 (W.D. Tex. Dec. 14, 2021) (striking amended complaint filed without leave of court); *Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*, No. 6:18-cv-30-JDK, ECF No. 381 (E.D. Tex. Aug. 9, 2019) (granting motion to strike amended complaint filed without defendants' consent or leave of court as required by Rule 15(a)(2)). Thus, Plaintiff's amended complaint, filed in bad faith and with dilatory motive in an attempt to fabricate a reason to oppose Google's motion to stay pending IPR, should be stricken. *See Wimm*, 3 F.3d at 141–42 (affirming district court's finding of bad faith and dilatory motive where plaintiff sought to amend complaint after defendant filed motion for summary judgment); *see also U.S. v. HealthSouth Corp.*, 332 F.3d 293, 296–97 (5th Cir. 2003) ("failing to request leave from the court when leave is required makes a pleading more than technically deficient … because HealthSouth would have been prejudiced if the court did not follow the formal requirements of Rule 15(a)").

## III.    THE AMENDED COMPLAINT CONTINUES TO FAIL TO STATE A VIABLE CLAIM FOR INFRINGEMENT OF THE '092 PATENT

As Google informed Plaintiff before it decided to unilaterally amend its complaint, *see* Adams Decl. Ex. G, Plaintiff's claim chart for the '092 patent relies on separate products, Dedicated Interconnect and Storage Transfer Service ("STS"), for different aspects of each independent claim and fails to identify any single accused product that allegedly meets every limitation of any asserted claim.[3] *See Ancora Techs., Inc. v. Lenovo Group Ltd.*, 2020 WL 4530718, at \*1 (D. Del. Aug. 6, 2020) (complaint fails to state claim where allegations unclear whether one product alone could infringe).  In its answer to the original complaint, Google stated

---

[3] The allegations also rely on several other disparate products and services for various limitations and dependent claims. *See, e.g.*, Adams Decl. Ex. D at 17 (dependent claim 9), 19–20 (dependent claim 12), 33 (dependent claim 14).

that the claim chart attached as Exhibit A to the complaint did not support a claim for infringement of the '092 patent. *See* ECF No. 11 ¶ 9. In its letter of November 21, 2022, Google detailed the deficiencies of Plaintiff's infringement allegations that failed to identify any product that met all of the elements of any asserted claim of the '092 patent. *See* Adams Decl. Ex. G. Plaintiff's improperly filed amended complaint still fails to cure these deficiencies. *Compare* ECF No. 1-1, *with* ECF No. 31-1 at 20–33, Adams Decl. Ex. D at 20–33. Thus, Plaintiff's infringement claim as to the '092 patent should be dismissed for failure to state a claim. *See Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) ("Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim.").

## A. Overview of the '092 Patent

According to the specification, prior art data storage systems "are built from two systems, one for handling I/O channels, and another for handling open networks," and "two systems are very expensive even in minimal configuration that must include two systems." *See* '092 patent at 2:57–60. All claims of the '092 patent require receiving traffic over a "dedicated I/O channel" and separately receiving data "via a network." *See id.* at 9:21–25, 10:7–11, 10:41–47, 11:2–5. Thus, all claims require access to both I/O channel attached hosts and network link attached hosts. *See id.* at 4:12–24 ("functionality [of the present invention] is achieved by using an underlying general-purpose operating system"; "lower cost is achieved by relying on standard components"; "present invention overcomes the limitations or prior art system by providing concurrent access for both I/O channel attached hosts and network link attached hosts"). During prosecution, the applicant overcame a rejection under 35 U.S.C. § 101 by emphasizing that the claimed invention "supports arbitrary reads and writes arriving via I/O channels or network

links."[4]  *See* Adams Decl. Ex. A at 8; *see also* '092 patent at 2:39–41 (distinguishing prior art

systems that did not support arbitrary read and write requests), 3:52–54.

**B.  The Amended Complaint Contains No Allegations To Support the Illogical Assumption That Two Different Tools for Mutually Exclusive Purposes Are Ever Used Together in a Single System**

Dedicated Interconnect and STS are separate products serving different needs and are not

meant to work together.  *See Bot M8*, 4 F.4th at 1354 (allegations taking "kitchen sink" approach

to pleading revealed inconsistency fatal to infringement claim).  Dedicated Interconnect provides

a direct physical connection between a customer's network and Google's network to provide

direct transfers between the two.  *See, e.g.*, ECF No. 31-1 at 3, 12, 22, 40, 49, 55 (excerpt of

webpage description of Dedicated Interconnect as "cross connect between the Google network

and [the customer's network router] in a common location").  In contrast, STS provides for

indirect transfers between networks over the Internet.  *See, e.g.*, *id.* at 4, 14, 25, 41, 56 ("Transfer

petabytes of data … over online networks….  Transfer data from online sources"); *id.* at 20

("What is Storage Transfer Service?  Move or backup data to a [Google] Cloud Storage bucket

either from other cloud storage providers or from your on-premises [] storage").  These products

differ in the same way the '092 patent distinguished prior art systems from its claimed invention.

*See* '092 patent at 2:57–60.

Although both products allow for transfer of data to Google, Dedicated Interconnect

allows for transferring data from a customer network via a direct or offline connection, and STS

---

[4] Since the prosecution history of the '092 patent is a matter of public record and part of the intrinsic record, the Court may take judicial notice of its contents for consideration at the pleading stage.  *See Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 2022 WL 2019296, at *6 (W.D. Tex. June 6, 2022) (appropriate to consider prosecution history to evaluate whether plaintiff adequately pleaded infringement); *Walker v. Beaumont Indep. School Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

allows for transferring data from an online or third party network via an indirect or online connection. *See* ECF No. 31-1 at 3, 12, 22 (Dedicated Interconnect); *id.* at 4, 14, 25 (STS). If data is on a customer's local network (not available over the internet), Dedicated Interconnect would be the appropriate choice. *See id.* at 3, 12, 22, 40, 49, 55 (depicting direct connection between Google Cloud and the customer "On-premises network"). On the other hand, if the data is with a third party cloud service, STS would be the appropriate tool. *See id.* at 4, 14, 25, 41, 56 ("Transfer data from online sources like AWS S3 and Azure Blob Storage to [Google] Cloud Storage"). Thus, these products are not combined for transferring data to storage hosted by Google. *See Fintiv, Inc. v. Paypal Holdings, Inc.*, No. 6:22-cv-00288-ADA, ECF No. 54 at 13–16 (W.D. Tex. Dec. 19, 2022) (inconsistency in infringement allegations rendered claim implausible).

As summarized in the table below, for each independent claim limitation requiring "a dedicated I/O channel," the amended complaint relies only on Dedicated Interconnect and not STS.[5] For each independent claim limitation requiring a network link via "a second interface," the amended complaint relies only on STS and not Dedicated Interconnect.

| Claim Limitation | Dedicated Interconnect | Storage Transfer Service |
|---|---|---|
| I/O Limitation<br><br>"a first interface configured to receive input/output (I/O) traffic from a first host [device/computer] via a dedicated I/O channel" (claims 1, 19) | "Traffic from a host device (on-premises sources) via a dedicated I/O channel (Dedicated Interconnect Work) at a first interface"<br><br>ECF No. 31-1, Ex. A to First Am. Compl., '092 | |

---

[5] The amended complaint also fails to identify any "I/O channel adapter" or "I/O channel," *see* ECF No. 31-2 at 2–3, 12–14 (same as Adams Decl. Ex. E), as required by the asserted independent claims of the '988 patent. *See HourExchange, LLC v. Student Loan Benefits, Inc.*, No. 1:22-cv-356-RP, 2023 WL 139150, at *4 (W.D. Tex. Jan. 9, 2023) (recommending dismissal because plaintiff "fails to allege [the accused] system meets 'each and every limitation of at least one claim'").

| Claim Limitation | Dedicated Interconnect | Storage Transfer Service |
|---|---|---|
| "receiving input/output (I/O) traffic from a host device via a dedicated I/O channel" (claim 13)<br><br>"means for receiving input/output (I/O) traffic from a first host device via a dedicated I/O channel" (claim 24) | chart at 22 (claim 13); *see also* 1–3 (claim 1), 38–40 (claim 19); 53–55 (claim 24). | |
| <u>Network Link Limitation</u><br><br>"a second interface configured to receive [first] data via a network" (claims 1, 19)<br><br>"receiving first data via a network at a second interface" (claim 13)<br><br>"means for receiving data via a network" (claim 24) | | "Google Storage Transfer Service receive first data (data from online sources) via a network"<br><br>ECF No. 31-1, Ex. A to First Am. Compl., '092 chart at 3 (claim 1), 24 (claim 13); 40 (claim 19); 55 (claim 24). |

Not only does the amended complaint fail to allege that Dedicated Interconnect and STS are somehow used together, it shows that they are not, as demonstrated above. *See Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (granting motion to dismiss because direct infringement pleadings were constructed upon "a fatally flawed foundation"). The complaint identifies Dedicated Interconnect as the claimed "dedicated I/O channel" but alleges that clicking a button to send a command across the Internet constitutes the claimed "input/output traffic from a host device" sent "via a dedicated I/O channel." *See* ECF No. 31-1 at 22–24. Because it lacks any explanation of how Google (or any customer) has used Dedicated Interconnect in combination with STS, placing the claims as a whole into service, the amended complaint fails to state a claim of infringement of the '092 patent. *See AK Meeting IP LLC v. Cisco Sys., Inc.*, 2022 WL 17979765, at *2–3 (W.D. Tex. Dec. 28, 2022) (dismissing claims where allegations did not plausibly show how accused product infringed). By identifying

Dedicated Interconnect alone for the "dedicated I/O channel" limitation and STS alone for the network limitation, neither accused product constitutes a single storage system receiving data via I/O channels and network links. *See Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *8–9 (W.D. Tex. Jan. 3, 2022) (dismissing complaint where plaintiff failed to sufficiently allege that limitations critical to issuance of claims and reflecting critical part of claimed invention were met).

Google informed Plaintiff of the deficiencies of its '092 patent infringement allegations, first in its answer to the original complaint, *see* ECF No. 11 ¶ 9, and again in further detail with respect to the '092 patent claim charts in Plaintiff's infringement contentions, *see* Adams Decl. Exs. D, G, which are also attached as exhibits to Plaintiff's amended complaint. *See* ECF No. 31-1. Plaintiff failed to address these failings, and the amended complaint fails to state a viable claim for infringement of the '092 patent. Accordingly, Count IIIA of the Amended Complaint should be dismissed for failure to allege that any accused product practices a key element of the claimed invention. *See Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, 2020 WL 6781566, at *4–5 (E.D. Tex. Nov. 17, 2020) (granting 12(b)(6) motion where plaintiff's allegations were irreconcilable with structure and text of asserted claim); *see also Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, No. 1:22-cv-346-RP, 2023 WL 28438, at *4 (W.D. Tex. Jan. 3, 2023) (recommending dismissal where complaint includes no factual content showing that accused product meets limitation material to practicing asserted claim).

## IV.  CONCLUSION

In view of the foregoing, Google respectfully requests that the Court strike Plaintiff's unauthorized amended complaint filed for an improper purpose and dismiss Count IIIA for failure to state a claim for infringement of the '092 patent.

Dated:    January 12, 2023

Respectfully submitted,

 /s/ Brian C. Banner

Darryl J. Adams (TX Bar No. 796101)
dadams@sgbfirm.com
Brian C. Banner (TX Bar No. 24059416)
bbanner@sgbfirm.com
Slayden Grubert Beard PLLC
401 Congress Avenue, Suite 1650
Austin, TX  78701
(512) 402-3569

Jeannine Yoo Sano
Eric A. Krause
Pan C. Lee
Axinn Veltrop & Harkrider LLP
55 Second Street
San Francisco, CA  94105
(415) 490-1491

*Attorneys for Defendant Google LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on January 12, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/  Brian C. Banner*