UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LS CLOUD STORAGE TECHNOLOGIES, LLC,** *Plaintiff* <br><br> v. <br><br> **GOOGLE, LLC,** *Defendant* | § § § § § § § § § <br><br> No.  1:22-CV-00853-RP |

# ORDER

Before the Court is Google's Opposed Motion to Stay Case Pending Inter Partes Review of Asserted Patent, Dkt. 29; and all associated briefing. This motion was referred from the district court for disposition.

## I.   BACKGROUND

Defendant Google, LLC, moves to stay this case pending resolution of the Inter Partes Review ("IPR") petition involving what was initially the sole asserted patent, U.S. Patent No. 10,154,092. Google argues the IPR petition covers every claim originally asserted by Plaintiff LS Cloud Storage Technologies in this case. Dkt. 29, at 1-2. Plaintiff LS Cloud Storage Technologies opposed the stay on the basis that the IPR had not been instituted, and also did not cover all the patents-in-suit, an argument based on its Amended Complaint, which added an additional patent-in-suit. Dkt. 32, at 1-2. Alternatively, LS Cloud Storage Technologies asked the Court to postpone ruling on Google's Motion until whether the Patent Trial and Appeal Board "decides whether to institute the review." *Id*. Defendant Google notified the

1

Court that on May 24, 2023, the Patent Trial and Appeal Board instituted review on all claims of U.S. Patent No. 10,154,092. Dkt. 43.

LS Cloud Storage Technologies filed its Complaint in March 2022, alleging infringement by Google's Storage Transfer Service. Dkt. 1. The asserted patent issued December 11, 2018, and expired January 22, 2019, almost four years ago. Dkt. 1-2. On November 2, 2022, Google filed an IPR petition covering all claims of the asserted patent based on two anticipation and three obviousness grounds. Dkt. 29-2, IPR2023-00120, Paper 1. Google informed Plaintiff of the IPR and proposed a joint motion to stay, which Plaintiff opposed.

On December 2, 2022, six months after filing its Original Complaint and past the deadline to amend as a matter of course, and without seeking leave of court or opposing counsel, LS Cloud Storage filed an Amended Complaint. Dkt. 31. The Amended Complaint adds infringement claims against an additional patent, U.S. Patent No. 6,549,988. *Id.* Google has moved to strike the Amended Complaint in a separate motion. Dkt. 37.

## II.   LEGAL STANDARD

Courts consider the following factors when evaluating a motion to stay pending IPR: (1) whether a stay will simplify the issues in the action; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) how far the litigation has progressed when the stay is requested. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-00585, Dkt. 53, at 1 (W.D. Tex. July 13, 2022).

### III.   ANALYSIS

The parties agree that the most important factor that courts evaluate is whether staying the case pending an IPR would simplify the proceedings. Google argues that the IPR petition, which has now been instituted, has the potential to invalidate every claim of the '092 patent, and thus the IPR could eliminate or significantly streamline this litigation. Dkt. 29, at 2. LS Could Storage Technologies argues that the IPR proceeding will only address some and maybe none of the claims in the '092 patent and the '988 patent not at all. Dkt. 32, at 2. Google argues that the introduction of the '988 patent, which it opposes, does not alter the balance of the factors favoring a stay. Dkt. 36, at 5.

The undersigned finds that a stay pending IPR proceedings will simplify the issues in this case, at least as to the '092 patent. Even if only some claims related to only the '092 patent are resolved, the number of claims the district court would have to evaluate in determining the issues would be decreased. *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (finding that although four of the seven patents at issue were not subject to IPR proceedings, the potential resolution of three patent disputes through IPRs would significantly reduce the number of claims that proceed to trial); *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB."); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-CV-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("at a

minimum, even assuming that all the patents-in-suit [survived] the reexamination intact, the USPTO's insight and expertise regarding the validity of the patents would be of invaluable assistance"). This is sufficient to merit a stay.

Additionally, Google has also filed a petition for Inter Partes Review for the '988 patent, so an IPR may be instituted as to that patent as well. Dkt. 40. And, in another companion case involving the same technology, counsel for Plaintiff LS Cloud Storage Technologies, stated on the record that "the motion to stay for Google, we don't think … the case should be stayed until there's been a decision on institution. If there's an institution decision, we, of course, don't want to waste any of the parties' resources and we would agree to a stay at that point clearly." *LS Cloud Storage Technologies, LLC v. Microsoft Corporation*, No. 22-CV-974-RP, Dkt. 35, at 5 (W.D. Tex. Nov. 15, 2022). There has now been a decision on institution in this case, in which case LS Cloud Storage Technologies stated on the record it did not oppose a stay.

LS Cloud Storage Technologies also argues that it will be prejudiced by any stay, because of loss of evidence over time as witnesses' memories fade. Dkt. 32, at 5. The undersigned finds this argument is unavailing as LS Could Storage Technologies waited until three years after expiration of the patents to assert the '092 patent and an additional eight months to assert the '988 patent. *See Uniloc 2017 LLC v. LG Elecs. USA, Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("A delay caused by the IPR process, without more, does not justify the denial of a stay."). Additionally, LS Could Storage Technologies is only seeking money damages,

undermining its claims of prejudice. Dkt. 32, at 5-6; *see Uniloc 2017*, 2020 WL 374545, at *1 ("stay will not diminish the monetary damages to which [a party] will be entitled if it succeeds in its infringement suit — it only delays realization of those damages"). Plaintiff will not be prejudiced by a stay, and this factor weighs in favor.

As far as the progression of this litigation, it has progressed little beyond the motion now before the undersigned and Google's Motion to Strike. No discovery has taken place, the claim construction hearing is months away, and no trial date is set. The undersigned finds that all factors in this case weigh in favor of a stay.

IT is THEREFORE ORDERED that Google's Opposed Motion to Stay Case Pending Inter Partes Review of Asserted Patent, Dkt. 29, is GRANTED. The Parties are ORDERED to FILE a Joint Status Report every 90 days until the IPR is resolved, beginning on October 25, 2023. The referral to the undersigned is CANCELED.

SIGNED July 25, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE